**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Magis Nero,<br><br>   Plaintiff,<br><br>v.<br><br>Jan Lesher, et al.,<br><br>   Defendants. | No. CV-25-00413-TUC-RM<br><br>**ORDER TO SHOW CAUSE** |

  Plaintiff Chris Magis Nero, who is proceeding pro se, initiated this action on July 22, 2025, by filing a Complaint (Doc. 1), a Motion for Temporary Restraining Order ("TRO") (Doc. 2), and paying the filing fees (Doc. 3). Based on the Court's preliminary review, it appears that Plaintiff, who is not an attorney, is attempting to bring this action on behalf of another individual, which is not permitted under 28 U.S.C. § 1654. Additionally, the Court has concerns regarding its jurisdiction over this matter.

  "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); 28 U.S.C. § 1654 ("parties may plead and conduct their *own* cases personally or by counsel") (emphasis added). Thus, a non-attorney "has no authority to appear as an attorney for others than himself." *C.E. Pope Eq. Tr. v. United States.*, 818 F.2d 696, 697 (9th Cir. 1987).

  Here, Plaintiff does not claim to be an attorney. (Docs. 1, 2.) The Complaint begins:

"Comes now, Jason Elaurza[1], by next friend and living witness Chris Magis Nero, a Private Attorney General under Article IV authority, to bring this Verified Complaint." (Doc. 1 at 1.)[2] It further alleges that "Plaintiff Jason Elaurza is a lawful tenant in possession of real property," but is "under coercive threat and psychological duress resulting from coordinated actions to unlawfully remove him." (*Id.*) The TRO similarly begins: "Plaintiff Jason Elaurza, by next friend and Private Attorney General Chris Magis Nero, respectfully moves this Court to issue a Temporary Restraining Order prohibiting Defendants and their agents from further contact, coercion, or attempted removal of Plaintiff from the property." (Doc. 2 at 1.) The TRO includes a declaration in which Plaintiff states, "I am a Private Attorney General operating under Article IV and 42 U.S.C. § 1988, and I serve as next friend to Jason Elaurza, who is under coercive threat and psychological duress related to his tenancy." (*Id.* at 4.) Plaintiff claims that he has "firsthand knowledge of the events giving rise to this federal civil rights action." (*Id.*)

Plaintiff's filings do not establish that he may litigate on another's behalf. Article IV of the Constitution, which governs relations among States, and 42 U.S.C. § 1988, which merely authorizes attorney-fee awards in civil rights cases, do not grant a right to practice law. Nor does Plaintiff's claim that he is "private attorney general" with firsthand knowledge of the events. Plaintiff also provides no facts demonstrating that Elaurza is unable to sue for himself or that Plaintiff has the significant relationship with Elaurza necessary for next friend standing. *See Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001) (next-friend standing requires a showing that the real party cannot litigate independently due to mental incapacity or lack of access to the court, and that the next friend has a significant relationship with the real party).[3] Because Plaintiff is not an attorney, it does not appear that he can pursue claims on Elaurza's behalf.

To any extent Plaintiff seeks to vindicate his own rights, Plaintiff appears to lack

---

[1] Plaintiff writes this name two different ways: "Elaurza" and "Eluarza." (Doc. 1 at 1.)
[2] The Complaint also states that Jason Elaurza is representing himself without a lawyer. (Doc. 2 at 1.)
[3] Plaintiff also attached to the TRO a "Declaration of Jason Elaurza," in which Elaurza complains of orders issued in his state court eviction case. (Doc. 2 at 5.) However, Elaurza does not provide an explanation for why Plaintiff must bring this lawsuit on his behalf.

Article III standing. To establish standing under Article III of the Constitution, a plaintiff must have "suffered an injury in fact," that "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The filings allege no personal injury to Plaintiff.

Additionally, it is unclear whether this Court has subject matter jurisdiction. The Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It has diversity jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Here, the Complaint offers only conclusory references to 42 U.S.C. §§ 1983 and 1985, and provides no facts regarding diversity citizenship. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").[4]

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (internal citation and quotation marks omitted). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is unclear whether Plaintiff can pursue this action as a non-attorney and whether the Court has jurisdiction. Therefore, the Court will order Plaintiff to show cause as outlined below. If Plaintiff fails to respond to this Order to Show Cause—or if Plaintiff's response fails to establish that this Court has jurisdiction and that Plaintiff has authority to litigate on Elaurza's behalf—this action may be dismissed.

. . . .

---

[4] Plaintiff captioned his Complaint, "Verified Civil Rights Complaint Under 42 U.S.C. §§ 1983, 1985, and Article IV." (Doc. 1 at 1.) However, Plaintiff only mentions one statute, § 1985, in his Complaint. (*Id.*) Section 1985 prohibits conspiracies interfering with civil rights. *See* 42 U.S.C. § 1985. Plaintiff's only allegations regarding § 1985 are as follows: "[a] recorded call exists where Defendants discussed bypassing legal eviction procedures to coerce Plaintiff's departure. This constitutes color of law violation and conspiracy under 42 U.S.C. § 1985." (Doc. 1 at 1.)

**IT IS ORDERED** that, **within fourteen (14) days** of the date this Order is filed, Plaintiff Chris Magis Nero must file a response to this Order **showing cause** as to (1) why he can litigate this action as a non-attorney on behalf of Elaurza, and (2) why this Court has jurisdiction over his Complaint and Motion for Temporary Restraining Order. The response to this Order to Show Cause shall not exceed five (5) pages in length, including any supporting documents or attachments.

Dated this 25th day of July, 2025.

_____
Honorable Rosemary Márquez
United States District Judge