WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Magis Nero, et al., | No. CV-25-00413-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Jan Lesher, et al., | |
| Defendants. | |

On July 22, 2025, Plaintiff Chris Magis Nero ("Plaintiff") filed a *pro se* Complaint (Doc. 1) and a Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2), and he paid the associated filing fees (Doc. 3). For the following reasons, the Court will sua sponte dismiss the Complaint for lack of jurisdiction.

**I.    Background**

Plaintiff's Complaint states: "Comes now, Jason Elaurza, by next friend and living witness Chris Magis Nero, a Private Attorney General under Article IV authority, to bring this Verified Complaint." (Doc. 1 at 1.) Similarly, the TRO Motion begins: "Plaintiff Jason Elaurza, by next friend and Private Attorney General Chris Magis Nero, respectfully moves this Court to issue a Temporary Restraining Order[.]" (Doc. 2 at 1.) The Complaint and TRO Motion allege that Jason Elaurza is a lawful tenant in possession of real property located in Picture Rocks, Arizona, and that Defendants are attempting to unlawfully remove him from the property. (Docs. 1, 2.) The Complaint's certificate of service, and the TRO Motion itself, are signed by Plaintiff Nero. (Doc. 1 at 2-3; Doc. 2 at 1, 3.) Neither the

Complaint nor the TRO Motion are signed by Elaurza. (*See* Docs. 1, 2.) A declaration attached to the TRO Motion is signed by Elaurza. (Doc. 2 at 5.)

On July 25, 2025, the Court ordered Plaintiff Nero to show cause why this Court has jurisdiction over his Complaint and TRO Motion, and why Plaintiff has the authority as a non-attorney to bring this action on behalf of Elaurza. (Doc. 6.) Plaintiff filed a Response to the Court's Order on August 7, 2025. (Doc. 9.)  In the Response, Plaintiff states that he is Elaurza's next friend, that he has standing as a Private Attorney General, and that he is "a fiduciary executor."  (*Id.* at 3-4.)

**II.    Discussion**

"Federal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation and alteration marks omitted). To establish standing under Article III of the Constitution, a plaintiff must show (1) that he has suffered a concrete, particularized injury in fact that is actual or imminent; (2) that the injury is "fairly traceable" to the challenged action of the defendant"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation and alteration marks omitted). The "irreducible constitutional minimum" of Article III standing requires that a plaintiff have suffered an injury that affects him in a "personal and individual way." *Id.* To the extent that Plaintiff Nero seeks to vindicate his own rights in the present action, he has alleged no facts showing that he has sustained any personal injury. Therefore, Plaintiff lacks Article III standing.

Under 28 U.S.C. § 1654, a non-attorney is afforded the privilege of appearing in court on his own behalf but cannot appear on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also C.E. Pope Eq. Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear . . . [o]n his own behalf . . . . [h]e has no authority to appear as an attorney for others than himself."). Here, Plaintiff does not claim to be an attorney. (Doc. 9.) Since Plaintiff is not attorney, he cannot

represent another individual in the present action, and his arguments to the contrary are unavailing.

Plaintiff states that he has "standing and authority under [C]onstitutional, statutory, and equity jurisdiction," specifically Article IV of the Constitution. (Doc. 9 at 2.) But Article IV of the Constitution governs relations among States, and no other provision of the Constitution nor any statute grants a non-attorney the right to practice law.

Plaintiff also asserts that he may litigate as a "next friend" to Jason Elaurza. (*Id.* at 2.) The doctrine of next friend standing requires that the real party in interest be unable to litigate his own case due to mental incapacity or other disability and that the next friend have some significant relationship with the real party in interest. *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). Plaintiff does not allege any facts tending to show that either of the two elements required for next friend standing are satisfied here. Furthermore, even if Plaintiff could establish next friend standing, "a next friend may not proceed without an attorney." *Provstgaard v. Nye Cnty.*, No. 2:25-cv-00649-CDS-NJK, 2025 WL 1656690 at *1 (D. Nev. June 11, 2025).

Plaintiff cites the Supreme Court's decision in *Newman v. Piggie Park Enterprises*, 390 U.S. 400 (1968) (per curiam), in support of his position that he is authorized to act as a "Private Attorney General." (Doc. 9 at 2.) Plaintiff's reliance on *Newman* is misplaced. In *Newman*, the Court explained that a private action to enjoin racial discrimination under the Civil Rights Act of 1964 advances the public interest, but recognized that the private party pursuing such a lawsuit must nonetheless have been injured by the discrimination. *Newman*, 390 U.S at 402. Indeed, the Civil Rights Act of 1964 specifies that an action to enjoin prohibited conduct must be instituted "*by the person aggrieved*." 42 U.S.C. § 2000a-3(a) (emphasis added). *Newman* did not recognize any general right of uninjured parties to pursue lawsuits in the public interest. *See Newman*, 390 U.S at 402. The case does not support Plaintiff's position that he can act as a "Private Attorney General" to pursue lawsuits predicated upon conduct that did not aggrieve him.

Plaintiff further argues that he may litigate this action as a "fiduciary executor acting

. . . on behalf of the injured party." (Doc. 9 at 3.) An executor may pursue litigation to protect the interests of the estate he is charged with administering, but only after the death of the testator and admission of the estate to probate. *See, e.g.*, *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983 (9th Cir. 2012) (evaluating claim by executor of celebrity's estate for unlawful use of celebrity's likeness after her death); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139 (9th Cir. 2002) (same). Here, there is no indication that Elaurza is deceased or that Plaintiff has been named executor of his estate.[1]

The Court also finds that Plaintiff has failed to establish that subject matter jurisdiction exists over this action. The Court has diversity jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). The Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff provides no factual allegations regarding diversity of citizenship. Plaintiff's Complaint and his Response to the Court's Order to Show Cause offer only conclusory references to a variety of federal statutes, including 42 U.S.C. §§ 1983 and 1985. (*See* Docs. 1, 9.) The factual allegations of the Complaint do not support a colorable federal claim.[2]

---

[1] The Court notes that Elaurza has signed several documents recently submitted to this Court. (Doc. 2 at 6; Doc. 8 at 2.) In addition, Elaurza is also described as an "Executor" in Plaintiff's filings (Doc. 8 at 5) rendering Plaintiff's status even more unclear.

[2] In the Response, Plaintiff states "a warrant did not exist" without explaining under what circumstances a warrant should have been obtained. (Doc. 9 at 3.) Plaintiff also states that threats were made to "seize [Elaurza's] children and arrest his wife," again without explanation of why this amounts to a violation of the Constitution or a federal claim. (*Id.*)

In a document entitled "Notice of Warranted Information and True Bill of Indictment" (Doc. 8), Plaintiff purports to bring criminal charges against the defendants named in this action. However, "[a] private citizen cannot criminally prosecute anyone[.]" *Trump v. United States*, 603 U.S. 593, 643 (2024) (Thomas, J., concurring). Issuing a criminal indictment is the exclusive responsibility of a properly empaneled grand jury. *See* Fed. R. Crim. P. 7.

For the above reasons, this action will be dismissed without prejudice for lack of standing, lack of subject-matter jurisdiction, and Plaintiff Nero's inability to litigate on behalf of real party in interest Jason Elaurza.

**IT IS ORDERED** that the above-entitled action is **dismissed without prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Defendants' Motion to Continue Time to Respond to Complaint (Doc. 11) is **denied as moot**, given the dismissal of this case.

Dated this 29th day of August, 2025.

_____
Honorable Rosemary Márquez
United States District Judge